IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| NELSON ROMERO, PRO SE, <br> also known as RITCHORD ROMERO, <br> TDCJ-CID No. 1127658, <br><br> Plaintiff, <br><br> v. <br><br> NFN KAIL, Bus Driver; DR. NFN CHAVEZ; <br> DR. JUDITH L. THOMAS; <br> NFN BROWN, Neurs; NFN McDONOLD, <br> Sargent; and LT. NFN PONDER, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § 2:14-CV-0034 <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

**REPORT AND RECOMMENDATION**

Plaintiff NELSON ROMERO, acting pro se and while a prisoner incarcerated in the Dallas County Jail, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in forma pauperis.

Plaintiff complains his back and neck were injured in an accident on March 21, 2012 when the prison bus on which he was being transported was hit by an eighteen wheeler truck. Plaintiff says the accident was caused by the reckless driving of defendant Officer KAIL. Plaintiff claims Dr. CHAVEZ, Dr. THOMAS, and Lt. PONDER deprived him of medical treatment for his serious medical needs and defendant Nurse BROWN failed to give him his medication on three occasions. Plaintiff complains defendant Sgt. McDONOLD ignored plaintiff's complaints on those occasions when Nurse BROWN did not give plaintiff his medication.

Plaintiff requests compensatory and punitive damages and injunctive relief in the form of an order that he be given MRI tests and proper pain pills.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A. The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine whether it should proceed to answer by defendants or be dismissed.

## THE LAW AND ANALYSIS

**DEFENDANT OFFICER KAIL**

The only basis for a claim of liability against defendant Officer KAIL that plaintiff suffered harm as a result of KAIL's reckless driving. Plaintiff's contentions resemble tort claims for negligence; however, section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

662 (1986)(inmate slipped on pillow left on stairs).  Plaintiff has failed to state a claim against defendant KAIL on which relief can be granted.

**Defendants CHAVEZ and THOMAS**

Plaintiff complains defendants CHAVEZ and THOMAS deprived him of medical treatment.  In an attempt to flesh out this claim with facts, the Court has reviewed the attachments plaintiff submitted with his complaint.  Plaintiff makes no factual allegation of any sort against defendant THOMAS, either in his complaint or in his attachments.

The grievances attached to his complaint show that, after the March 23, 2012 accident, the inmates were loaded onto another bus and transported to the Goree Unit where, on March 30, 2012, plaintiff was seen by a medical provider.  Plaintiff complained of neck pain, was examined, and pain medications were ordered.  Plaintiff was seen by medical personnel again on April 27, 2012 for continued complaints of neck pain and his medications were changed.

Plaintiff did not appear for his June 19, 2012 appointment but was rescheduled and seen on June 20, 2012.  At that time, plaintiff would not participate in the physical exam portion and was advised to continue taking his pain medications.  [Plaintiff's Step 1 grievance no. 2012187973, plaintiff's grievance and official's response].  Plaintiff grieved that, at that June 20, 2012 doctor's appointment, plaintiff told defendant Dr. CHAVEZ the pain medication he was receiving, Naproxen 500 mg. and Iburpofen 800 mg., was not working.  Plaintiff requested an x-ray and a neck brace, complaining of numbness in his left arm and a tingling sensation, but defendant CHAVEZ refused.  [Plaintiff's Step 1 grievance no. 2012194072].

When plaintiff was seen again on July 2, 2012, a muscle relaxer was added to his medication regimen. [Plaintiff's Step 1 grievance no. 2012187973, plaintiff's grievance and official's response].

Plaintiff was seen again by a medical care provider on July 16, 2012, and his medications

were adjusted.  Plaintiff was evaluated by another medical care provider on July 27, 2012 and his examination was unremarkable.  It was determined at that time there was no need for a brace or a referral to a specialist. [Plaintiff's Step 1 grievance no. 20121944072 and response].

Review of the I-60s and medical records attached by plaintiff to his complaint, Exhibit B and Exhibit C, respectively, shows that, on September 10, 2012, plaintiff four x-ray views were taken of plaintiff's back and two x-ray views of his thoracic spine.  The conclusion was a normal back and a mild dextroscoliosis of plaintiff's thoracic spine, that is, a "[m]ild, less than 10 degrees dextroscoliosis throughout the mid to lower thoracic spine."

On March 7, 2013, three x-ray views were taken of plaintiff's thoracic spine and five x-ray views were taken of his lumbar spine.  The conclusion in both instances was normal.

By his May 31, 2013 I-60 to the medical department, plaintiff complained of continued pain in his back and neck and asked to see a doctor because Ibuprofin wasn't working.  Plaintiff received a response that he was scheduled for an "S1 injection."

By his August 21, 2013 I-60 to the medical department, plaintiff complained he had been prescribed medication by a Dr. Bittel, but never received it.  The August 22, 2013 reply was that Tramadol had not been approved and plaintiff was scheduled for a nurses sick call for pain.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment."  Such indifference may  be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).  Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety.  *Farmer*

v. *Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994).

Nevertheless, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991). The plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard,* 583 F.2d 172, 174 (5th Cir.1978); *Irby v. Cole,* No. 4:03cv141-WHB-JCS, 2006 WL 2827551, at *7 (S.D.Miss. Sept.25, 2006). "Deliberate indifference exists wholly independent of an optimal standard of care." *Gobert v. Caldwell,* 463 F.3d 339, 349 (5th Cir.2006). As long as medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *See Youngberg v. Romeo,* 457 U.S. 307, 322-23, 102 S.Ct. 2452, 2461-62, 73 L.Ed.2d 28 (1982). A prisoner's, or some other layperson's, disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. *Norton v. Dimanzana*, 122 F.3d 286, 292 (5th Cir. 1997).

The facts set forth above which were gleaned from plaintiff's submission show he cannot support a claim of deliberate indifference to his serious medical need. At best, these facts may support a claim of negligence, if even that.

Plaintiff has been treated with medication for his pain and a muscle relaxant, as well as an injection of some sort. Plaintiff has received numerous x-rays, none of which revealed any gross abnormality or injury. Plaintiff's last set of x-rays were entirely normal.

While plaintiff may not be satisfied with the medical care he has received and may disagree with the medical treatment prescribed, this dissatisfaction is not sufficient to support a claim of deliberate indifference.

**Defendants Nurse BROWN and Sgt. MCDONOLD**

Plaintiff complains defendant BROWN did not give him both of his prescribed pain pills at the evening pill distributions on September 22, 2013, September 23, 2013 and September 24, 2013.  He says on September 24th, BROWN informed him she could only give him Ibuprofen, but then didn't give him anything.  While under other circumstances the facts presented by plaintiff might support a claim of deliberate indifference, here they merely state a claim of negligence by defendant BROWN.  Plaintiff has not set forth facts showing he was in substantial risk of serious harm if his medication was reduced or that he actually suffered a harm as a result.  Without more, plaintiff has failed to state a claim of deliberate indifference against defendant BROWN.

As to defendant Sgt. MCDONOLD, plaintiff's claim against this defendant is simply that he did not reply to plaintiff's complaint.  Plaintiff does not indicate defendant MCDONOLD had any authority over Nurse BROWN or was involved in any way in plaintiff's medical care.  At most, plaintiff has stated a claim of negligence against defendant MCDONOLD.  Plaintiff has not alleged Sgt. MCDONOLD interfered with his medical care in any way and has failed to state a claim on which relief can be granted.

**DEFENDANT Lt. PONDER**

Although, seemingly as an afterthought, plaintiff states he "add's Lt. Ponder as Lt. Ponders [sic] did delibrittly [sic] deprive med. treatment to [sic] plaintiff," plaintiff makes no further mention of defendant PONDER in his complaint or in his attachments.  Plaintiff has failed to state a claim against defendant PONDER on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff NELSON ROMERO be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 6th day of March, 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely

file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).