IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| NELSON ROMERO, PRO SE, <br> also known as RITCHORD ROMERO, <br> TDCJ-CID No. 1127658, <br><br> Plaintiff, <br><br> v. <br><br> NFN KAIL, Bus Driver; DR. NFN CHAVEZ; <br> DR. JUDITH L. THOMAS; <br> NFN BROWN, Neurs; NFN McDONOLD, <br> Sargent; and LT. NFN PONDER, <br><br> Defendant. | § § § § § § § § § § § § § § | 2:14-CV-0034 |

**ORDER OF DISMISSAL**

Plaintiff NELSON ROMERO, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed *in forma pauperis*.

On March 6, 2014, the Magistrate Judge issued a Report and Recommendation analyzing plaintiff's claims and recommending dismissal without prejudice for failure to state a claim on which relief can be granted.

On March 20, 2014, plaintiff filed a document entitled "Motion for Reconsideration" which the Court construes to be his Objections. By his objections, plaintiff provides a restatement of his allegations, with additional allegations concerning defendant PONDER.

With respect to defendant PONDER, plaintiff alleges that, on his arrival at the Clements Unit, plaintiff informed medical that he had been injured during his transfer, but defendant PONDER cuffed plaintiff and escorted him to ECB High Security without any medical treatment.

Plaintiff does not indicate he reported any injury aside from that sustained in the March 23, 2012 bus accident several days earlier for which plaintiff had already received treatment at the Goree Unit. While plaintiff may have felt he needed additional medical care or was dissatisfied with the care he had received up to that point, plaintiff has alleged no fact which indicates he needed medical care at the moment of his arrival at the Clements Unit and could not submit a sick call request for care at a scheduled appointment. Further, if plaintiff had an emergency medical need which he has not indicated in his allegations to this Court, he has not alleged facts showing the medical need was serious, that defendant PONDER had knowledge of such medical need, or that PONDER had reason to know that taking plaintiff to High Security without treatment created a substantial risk of serious danger to plaintiff. By his additional allegations against defendant PONDER set forth in his objections, plaintiff has failed to state a claim against defendant PONDER.

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the objections filed by the plaintiff.

The Court is of the opinion that plaintiff's objections should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that the Civil Rights Complaint by NELSON ROMERO is DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ 25t day of March, 2014.

MARY LOU ROBINSON
United States District Judge